**Barbara Jean BRODIE,**
**Plaintiff-Appellant,**

**v.**

**Edward R. MASTRO, M.D.,**
**Defendant-Appellee.**

**No. 80CA1251.**

Colorado Court of Appeals,
Div. II.

July 23, 1981.

Rehearing Denied Aug. 20, 1981.
Certiorari Granted Dec. 28, 1981.

Spurgeon, Haney & Howbert, P. C., Gregory R. Piché, Colorado Springs, for plaintiff-appellant.

Johnson, Mahoney & Scott, P. C., Paul E. Scott, Brian J. Lampert, Denver, for defendant-appellee.

PIERCE, Judge.

Plaintiff, Barbara Jean Brodie, appeals from the granting of a motion for summary judgment in favor of defendant on the grounds that her action was not filed within the time allowed by the applicable statute of limitations. We reverse.

On February 5, 1977, Dr. Mastro performed surgery on Brodie's shoulder by removing a small nodule. She returned a few days later to have the stitches removed and there appeared to be no complications from the surgery.

Several months later, however, the scar at the site of the surgery became keloidal and "large, unsightly and uncomfortable." Brodie was aware of this excessive and uncontrolled scarring condition as early as June 1977, and it is undisputed that she was well aware of the condition by the time she returned to complain to Dr. Mastro in July 1977. The scar has remained in approximately the same condition from 1977 to the present date. It is her contention that she was unaware of the exact nature of keloids, the high degree of risk of keloid formation in young black women, and the duty of her surgeon to disclose the high degree of keloid risk to her until she had consulted another surgeon in August of 1979.

It is the contention of Dr. Mastro, which was adopted by the trial court, that § 13–80–105, C.R.S.1973 (1980 Cum.Supp.), is controlling when, in pertinent part, it states:

"No person shall be permitted to maintain an action, whether such action

sounds in tort or contract, to recover damages ... from any person licensed in this state ... to practice medicine ... on account of the alleged ... lack of informed consent of such person in the practice of the profession for which he is licensed ... unless such action is instituted within two years after the person bringing the action discovered, or in the exercise of reasonable diligence and concern should have discovered, the injury."

If the only allegation here were uninformed consent, we would agree that that portion of the statute is conclusive as it only requires that the patient be aware, or should have become aware of the injury. It is undisputed that her awareness occurred more than two years prior to her filing of this lawsuit.

Brodie's theory, however, is not only that her consent was uninformed but that Mastro knowingly concealed from her the fact that, because she is a dark-skinned person, surgery in the scapular region carries with it a greater risk of keloid scarring than it does in a lighter-skinned person, and that she did not discover this fact until August of 1979. It is undisputed that Mastro knew such keloid scarring was more commonly encountered in dark-skinned persons.

Her theory brings under consideration an exception to the above-cited statutory provision. Section 13–80–105(1)(a), C.R.S.1973 (1980 Cum.Supp.), provides that:

"If the act or omission which gave rise to the cause of action was knowingly concealed by the person committing such act or omission ... then such action may be instituted within two years after the person bringing the action discovered or in the exercise of reasonable diligence and concern should have discovered the act or omission ...."

There is no dispute but that Mastro told Brodie that a scar would remain after surgery. The dispute, however, is whether he concealed from her that there was a high degree of risk of severe keloid scarring to one of her skin pigmentation. The evidence before the court at the time the summary judgment was rendered was very contradictory as to this issue.

It is not the disappointing result following the surgery that is the genesis of this cause of action; rather the issue is whether the doctor "knowingly concealed" facts from Brodie. A factual issue had been raised as to this issue, and therefore, the matter should not have been disposed of by summary judgment. *Abrahamsen v. Mountain States T & T Co.*, 177 Colo. 422, 494 P.2d 1287 (1972).

The judgment is reversed and the cause remanded for trial.

STERNBERG, J., concurs.

COYTE, J., dissents.

COYTE, Judge, dissenting.

I dissent.

The exception to the statute relied upon by the majority, in my view, has no application to the facts in this case. As I read the statute, an action for lack of informed consent is barred if not brought within the two year period. The exception quoted has application if, *e.g.*, the damaged party, the plaintiff in this case, were to question the surgeon as to the results and then he were to conceal the results of the surgery from the patient. This is what I believe the statute referred to when it states: "If the act or omission which gave rise to the cause of action was knowingly concealed by the person committing such act or omission."

The claim for relief here is that Dr. Mastro did not have plaintiff's informed consent to perform the operation. It would be immaterial if the lack of informed consent resulted from "knowingly concealing," not advising or misadvising. Such action would be barred within the two year period "after the person bringing the action discovered, or in the exercise of reasonable diligence ... should have discovered the injury."

Here, plaintiff was fully aware of the results of her surgery in July 1977, when she returned to complain to Dr. Mastro of the results of the surgery. At the time this action was commenced on November 19, 1979, it was barred by § 13–80–105, C.R.S. 1973 (1980 Cum.Supp.).